On June 21, 2000, the Stark County Grand Jury indicted appellant, Michael Dickson, on one count of corruption of a minor in violation of R.C. 2907.05. Said charge arose from an incident involving a fourteen year old boy.
On July 17, 2000, appellant pled guilty as charged. By judgment entry filed July 20, 2000, the trial court sentenced appellant to fourteen months in prison.
Immediately following appellant's plea, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed July 20, 2000, the trial court classified appellant as a "sexual predator."
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as theCook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The bill of particulars filed July 17, 2000 indicates appellant performed oral sex upon a juvenile, age fourteen. Appellant was thirty years old at the time of the offense. T. at 11. The trial court had before it a copy of the indictment (State's Exhibit 1), a copy of the bill of particulars (State's Exhibit 2) and a summary of appellant's confession given to authorities in Florida (State's Exhibit 3). Appellant had fled to Florida due to the investigation surrounding the charge subjudice. In this confession, appellant admitted to having oral sex with the victim on two separate occasions. Appellant used alcoholic beverages to impair the victim. Appellant admitted that he would "probably" commit these types of crimes in the future. In a handwritten confession, appellant admitted to committing "sexual assault in Massillon, Ohio upon (2) two teenage boys." The trial court took note that there was some indication that incidents had occurred on more than one occasion and "there is at least an argument that more victims than one were involved." T. at 17. The trial court relied heavily on State's Exhibit 3 regarding "a conscious pattern of behavior." T. at 18. The trial court looked to appellant's confession "talking about his feelings about not only this person but other children, acknowledging he has pedophiliac feelings and that he is not sure that he would or would not commit these acts if released." Id. The trial court concluded appellant should be classified as a "sexual predator" as defined in R.C. 2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 ____________________ Farmer, J.
Hoffman, P.J. and Boggins, J. concur.